ARNOLD & PORTER KAYE SCHOLER LLP
SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400

ARNOLD & PORTER KAYE SCHOLER LLP
LAURA E. WATSON (SBN 31755)
Laura.Watson@arnoldporter.com
ALLYSON C. MYERS (SBN 342038)
Ally.Myers@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000
Facsimile: 213.243.4199

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROSCOE DASH PUBLISHING, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., HERBILICIOUS MUSIC, and RODSONGS,<br><br>Plaintiffs,<br><br>vs.<br><br>TEMECULA STAMPEDE, KENNETH L. NEWMAN, BRANDIE N. NEWMAN, and NEWMAN HOSPITALITY GROUP LLC,<br><br>Defendants. | Case No.: 5:25-cv-02705<br><br>**COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT**<br><br>(17 U.S.C. §§ 101, *et seq*.) |

Plaintiffs, by their undersigned attorneys, allege:

## JURISDICTION

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Temecula Stampede is a corporation organized under the laws of the State of California with offices at 28721 Old Town Front Street, Temecula, California 92590.

6. At all times hereinafter mentioned, Temecula Stampede did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Temecula Stampede (the "Establishment"), located at 28721 Old Town Front Street, Temecula, California 92590.

7. Musical compositions were and are publicly performed at the Establishment.

8. On information and belief, Defendant Kenneth L. Newman is an individual who resides and/or does business in this district.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

9. On information and belief, Defendant Brandie N. Newman is an individual who resides and/or does business in this district.

10. On information and belief, Defendant Newman Hospitality Group LLC ("NHG" and, together with Temecula Stampede, Kenneth L. Newman, and Brandie N. Newman, the "Defendants") is a corporation organized under the laws of the State of California with offices at 43471 Ridge Park Drive, Suite C, Temecula, California 92590.

11. At all times hereinafter mentioned, Kenneth L. Newman, Brandie N. Newman and NHG were, and still are, officers, principals, and/or stockholders of Temecula Stampede.

12. At all times hereinafter mentioned, Kenneth L. Newman, Brandie N. Newman and NHG were, and still are, responsible for the control, management, operation and maintenance of the affairs of Temecula Stampede.

13. At all times hereinafter mentioned, Defendants had, and still have, the right and ability to supervise and control the activities that take place at the Establishment, including the right and ability to supervise and control the public performance of musical compositions at the Establishment.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Establishment.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works,

collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts:

(a) Defendants obtained an ASCAP license agreement for the Establishment, effective February 1, 2012 ("Prior License").

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendant's failure to pay license fees due, on June 30, 2022, upon written notice, ASCAP terminated the Prior License.

18. On numerous occasions since June 30, 2022, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer a new ASCAP license for the Establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and telephone.

19. Defendants have refused all of ASCAP's offers of a new license for the Establishment.

20. As a result of the foregoing, the Establishment has been unlicensed by ASCAP since June 30, 2022.

21. ASCAP's various communications offering a new license for the Establishment gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at the Establishment constitute copyright infringement.

22. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Establishment, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

23. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

24. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

25. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

26. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at the Establishment, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

29. The many unauthorized performances at the Establishment include the performances of the three copyrighted musical compositions upon which this action is based.

30. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

31. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any work in the ASCAP repertory, and from causing or permitting the said compositions, or any work in the ASCAP repertory, to be publicly performed at the Establishment, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

///
///
///
///
///
///

IV. For such other and further relief as may be just and equitable.

Dated: October 14, 2025

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Laura E. Watson*
SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111

LAURA E. WATSON (SBN 31755)
Laura.Watson@arnoldporter.com
ALLYSON C. MYERS (SBN 342038)
Ally.Myers@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

*Attorneys for Plaintiffs*

**Schedule A**

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication or Registration** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | ROSCOE DASH PUBLISHING<br><br>W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | NO HANDS | Christopher Gholson<br><br>Juaquin Malphurs<br><br>Olubowale Akintimehin<br><br>Jeffrey Johnson | October 5, 2010 | PA 1-739-078 | May 16, 2025 |
| 2. | HERBILICIOUS MUSIC<br><br>W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | PONY | Timothy Z. Mosley<br><br>Stephen E. Garrett<br><br>Elgin B. Lumpkin | August 20, 1996 | PA 865-915 | May 16, 2025 |
| 3. | RODSONGS | ROCK WITH YOU | Rodney L. Temperton | August 6, 1979 | PA 47-557 | May 16, 2025 |