**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSCOE DASH PUBLISHING, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., HERBILICIOUS MUSIC and RODSONGS, <br><br> Plaintiff, <br><br> v. <br><br> TEMECULA STAMPEDE, KENNETH L. NEWMAN, BRANDIE N. NEWMAN and NEWMAN HOSPITALITY GROUP LLC, <br><br> Defendant. | Case No.  5:25-cv-02705-MCS-MBK <br><br> **ORDER GRANTING STIPULATION FOR ENTRY OF JUDGMENT (ECF NO. 29)** |

On June 15, 2026, Plaintiffs Roscoe Dash Publishing, W Chappell Music Corp. d/b/a WC Music Corp., Herbilicious Music and Rodsongs (collectively, "Plaintiffs") and Defendants Temecula Stampede, Kenneth L. Newman, Brandie N. Newman and Newman Hospitality Group LLC (collectively, the "Defendants") stipulated to the entry of judgment as set forth in their concurrently filed Stipulation for Entry of Judgment ("Stipulation") (ECF No. 29).

The Court, having considered the parties' Stipulation and finding that it has jurisdiction over the subject matter of this action and over the parties, and finding good cause therefor, hereby GRANTS the Stipulation and ORDERS as follows:

-1-

WHEREAS, on October 14, 2025, Plaintiffs filed their Complaint against Defendants alleging three counts of copyright infringement arising out of Defendants' alleged unauthorized public performance at Temecula Stampede, located at 28721 Old Town Front Street, Temecula, California 92590 (ECF No. 1);

WHEREAS Plaintiffs are the holders of the copyrights in the musical compositions listed in Schedule A to the Complaint;

WHEREAS Plaintiffs and Defendants entered into a Confidential Settlement Agreement effective as of April 24, 2026 (the "Settlement Agreement") to settle all outstanding claims and disputes relating to this litigation;

WHEREAS Plaintiffs and Defendants agreed on June 11, 2026 to a payment schedule that differs from the schedule specified in the Settlement Agreement;

WHEREAS the parties hereby stipulate to the entry by this Court of a consent judgment ordering the following;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      Judgment is entered against Defendants, jointly and severally, in the amount of $65,000.00, together with statutory interest at the applicable rate from the date of entry of this Order.

2.      Plaintiffs will not execute on this Judgment against Defendants provided that Defendants are not in default under the Settlement Agreement and the parties' June 11, 2026 agreed payment schedule.

3.      Upon Defendants' full compliance with their obligations under the Settlement Agreement and the parties' June 11, 2026 agreed payment schedule (or the amount of the Judgment in this Order, in the event of default), Plaintiffs shall file a satisfaction of judgment with the Court.

4.      Defendants are enjoined and restrained permanently from publicly performing any or all of Plaintiffs' copyrighted musical compositions and from causing or permitting Plaintiffs' copyrighted musical compositions to be publicly performed, and from aiding and abetting public performances of such compositions, unless Defendants shall have

previously obtained permission to give such performances, either directly from the Plaintiffs or by license from the American Society of Composers, Authors and Publishers ("ASCAP").

5.    Contemporaneously with the execution of the Settlement Agreement, ASCAP offered, and Defendants accepted and executed, an ASCAP license agreement for Temecula Stampede commencing January 1, 2026.

6.    Defendants shall not willfully dissipate or encumber their assets in order to impair ASCAP's ability to collect the amounts due under this Order.  In the event that any of the Defendants files a petition in bankruptcy, any sum then due pursuant to this Order shall constitute a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

7.    The parties' Stipulation and this Order shall bind and benefit the heirs, executors, administrators, successors, assigns, parents, affiliates, members and subsidiaries of Plaintiffs and Defendants.

8.    The parties waive any right to appeal the entry of the Judgment or to appeal the Judgment.

9.    Each party shall bear its own costs.

10.    The Court retains jurisdiction of this action for the purpose of enforcing the provisions of this Order.

**IT IS SO ORDERED.**

Dated: June 17, 2026

_____

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

-3-